TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Section Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-1050
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as Secretary of Commerce; and NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | Case No: 3:22-cv-00117-JD <br><br> **STIPULATED SETTLEMENT AGREEMENT** <br><br> Judge: James Donato |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity and Defendants the National Marine Fisheries Service ("NMFS") and Gina Raimondo, in her official capacity as Secretary of the U.S. Department of Commerce (collectively, "the parties"). In support of this Agreement, the parties state as follows:

WHEREAS Plaintiff filed a complaint on January 9, 2022, alleging (among other things) that NMFS's Marine Mammal Protection Act ("MMPA") permit authorizing the incidental take of humpback whales due to sablefish pot gear fishery operations was unlawful. ECF 1 ¶ 130.

Specifically, Plaintiff alleged that NMFS issued the permit without having developed, or been in the process of developing, a take reduction plan. *Id.*; *see* 16 U.S.C. § 1371(a)(5)(E)(i)(III).

WHEREAS Plaintiff and Defendants filed motions for summary judgment with the Court briefing this claim and the other claims in Plaintiff's complaint. ECF 282, 283.

WHEREAS the Court issued an order granting Plaintiff's motion for summary judgment as to the claim regarding the take reduction plan, holding that NMFS's determination that a take reduction plan was in development was arbitrary and capricious. ECF 288 at 8.

WHEREAS the Court directed the parties to confer regarding a mutually agreeable remedy with respect to its summary judgment order. ECF 291.

WHEREAS the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the claims that the Court did not rule on, have reached a settlement that they consider to be in the public interest and just, fair, adequate, and equitable.

WHEREAS the parties believe it is in the interest of judicial economy and the parties' best interests to avoid litigation of remedy and the remaining claims in Plaintiff's complaint.

WHEREAS NMFS intends to issue a scoping notice by November 1, 2023, seeking information relevant to establishing a take reduction team that would, at a minimum, consider the Federal sablefish pot gear fishery, and may also be expanded to consider other fisheries in the Pacific Ocean that interact with relevant humpback whale stocks.

WHEREAS, through the Department of Justice, NMFS will provide informal updates via email to Plaintiff twice per year regarding the take reduction team process until November 30, 2025.

THEREFORE, the parties hereby stipulate and agree as follows:

1. NMFS will issue a notice establishing a take reduction team by October 31, 2025. The first take reduction team meeting will take place by November 30, 2025.

2. The Court will remand the MMPA permit for the sablefish pot gear fishery to NMFS for further consideration without vacatur.

3. This Agreement requires NMFS to take the actions described in Paragraph 1. The Agreement shall not (and shall not be construed to) limit or modify the discretion accorded to the Service by the MMPA, the Endangered Species Act ("ESA"), the Administrative Procedure Act ("APA"), or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take any action in contravention of the MMPA, ESA, APA, or any other law or regulation, either substantive or procedural.

4. To challenge any action NMFS takes pursuant to this Agreement, Plaintiff will be required to file a separate action and otherwise comply with applicable legal requirements.

5. The order entering this Agreement may be modified by the Court upon good cause shown consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraph 1 or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

6. In the event that Defendants fail to comply with this Agreement, Defendants have not sought to modify the Agreement, and the parties cannot resolve the claim pursuant to the meet and confer provisions of Paragraph 5, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court. No party shall institute a proceeding for contempt of court

unless Defendants are in violation of a separate order of the Court resolving a motion to enforce the terms of the Agreement.

7. No party shall use this Agreement or its terms as evidence of what does or does not constitute a reasonable method for NMFS to comply with 16 U.S.C. § 1371(a)(5)(E)(i)(III) or a reasonable timeline for establishing a take reduction team. No part of this Agreement shall have precedential value in any pending or future litigation or administrative action or in representations before any court or forum or in any public setting.

8. Nothing in this Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. The parties do not waive any claim or defense they may have concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. This Agreement is executed solely for the purpose of settlement and nothing herein shall be construed as precedent in any other context.

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

10. Plaintiff reserves its right to request reasonable fees from Defendants and Defendants reserve their right to contest Plaintiff's entitlement to recover fees in this case and the amount of any such fees, and do not waive any objection or defenses they may have to Plaintiff's fee request. If the parties are unable to settle Plaintiff's fee claim, Plaintiff will have 90 days from the Court's approval of this Agreement to file a motion for fees.

11. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of issues that were denied and disputed by the parties. The Agreement contains all of the agreement between the parties as to remedy and is intended to be the final and sole agreement between the parties as to this issue. The parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

13. Upon approval of this Agreement by the Court, Plaintiff's claims that have not been resolved by the Court, with the exception of Plaintiffs' claims for attorneys' fees and costs, shall be dismissed without prejudice. Notwithstanding the dismissal of these claims, the parties stipulate and respectfully request that the Court retain jurisdiction to oversee any dispute as to fees, and compliance with the terms of this Agreement and to resolve any motions to modify such terms, until Defendants satisfy their obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am*, 511 U.S. 375 (1994).

14. The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and that they agree to the terms herein.

Dated: July 18, 2023

Respectfully submitted,

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

/s/ *Catherine Kilduff*
CATHERINE KILDUFF (CA Bar #256331)
KRISTEN MONSELL (CA Bar #304793)
MIYOKO SAKASHITA (CA Bar #239639)
Center for Biological Diversity
1212 Broadway, Suite #800
Oakland, CA 94612
Phone: (510) 844-7100
Fax: (510) 844-7150
ckilduff@biologicaldiversity.org
kmonsell@biologicaldiversity.org
miyoko@biologicaldiversity.org

Attorneys for Plaintiff Center for Biological Diversity

**ATTESTATION OF CONCURRENCE**

In accordance with Civil Local Rule 5-1(h)(3), I hereby attest that I obtained concurrence in the filing for the signatures of all counsel indicated by a conformed signature ("/s/") within this e-filed document.

>*/s/ Kaitlyn Poirier*
>KAITLYN POIRIER, Trial Attorney
>U.S. Department of Justice
>Environment and Natural Resources Division
>Wildlife and Marine Resources Section
>Ben Franklin Station, P.O. Box 7611
>Washington, D.C. 20044-7611
>(202) 307-6623 (tel)
>(202) 305-0275 (fax)
>kaitlyn.poirier@usdoj.gov
>
>Attorneys for Federal Defendants