UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>    v.<br><br>GINA RAIMONDO, et al.,<br><br>    Defendants. | Case No. 22-cv-00117-JD<br><br>**ORDER RE STAY** |

On March 14, 2023, the Court granted summary judgment in favor of plaintiff Center for Biological Diversity (CBD) and concluded that defendants Raimondo and the National Marine Fisheries Service (NMFS) could not "indefinitely delay developing a take reduction plan while continuing to authorize Section 1371(a)(5)(E) permits for the incidental take of endangered and threatened humpback whales." *Ctr. for Biological Diversity v. Raimondo*, 661 F. Supp. 3d 964, 971 (N.D. Cal. 2023).[1] Humpback whales are protected as a listed species under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, and under the Marine Mammal Protection Act, 16 U.S.C. § 1361 *et seq.* (MMPA). *Id*. at 967-68. The parties subsequently stipulated to a settlement agreement, Dkt. No. 297, which the Court approved, Dkt. No. 298. Among other obligations, the settlement agreement requires NMFS to "issue a notice establishing a take reduction team by October 31, 2025" and hold an initial take reduction team meeting by November 30, 2025. Dkt. No. 297 ¶ 1. NMFS has issued another incidental take permit for humpback whales to the commercial sablefish pot fishery. *See* Taking of Threatened or Endangered Marine Mammals Incidental to Commercial Fishing Operations; Issuance of a Permit,

---

[1] Section 1371(a)(5)(E) of the Marine Mammal Protection Act requires a take reduction plan in the circumstances presented in this case. *See Raimondo*, 661 F. Supp. 3d at 968-69.

89 Fed. Reg. 96,230 (Dec. 4, 2024). The permit states that a take reduction plan for humpback whales "is under development." *Id.* at 96,232-33.

The government asks for a stay of the take reduction plan deadlines because of the lapse in appropriated funds. *See* Dkt. No. 314. The government proposes a stay for the duration of the lapse and suggests that it may seek a further stay even when funding is restored. *Id.* ¶¶ 1, 4, 6. In effect, the government again seeks to delay indefinitely the development of a take reduction plan while it continues to permit the incidental take of humpback whales. CBD opposes a stay. Dkt. No. 315.

A stay is denied. To start, the government did not acknowledge or address the controlling standards. A stay is "an exercise of judicial discretion" and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citations and quotations omitted). "[F]our factors determine the propriety of a stay: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re Facebook Biometric Info. Priv. Litig.*, No. 3:15-CV-03747-JD, 2018 WL 2412176, at *1 (N.D. Cal. May 29, 2018) (quoting *Nken*, 556 U.S. at 426). Our circuit has "underscored 'the bedrock requirement that stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors.'" *Id.* (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)). In addition, as general rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation omitted).

The government did not mention, let alone substantively discuss, any of these principles. All it said was that funding has lapsed for NMFS and other agencies, as it has for the federal judiciary, and that NMFS employees "are prohibited from working." Dkt. No. 314 ¶ 2.

But as CBD pointed out in its opposition papers, the Department of Commerce, which houses NMFS, promulgated a "Plan for Orderly Shutdown Due to Lapse of Congressional Appropriations" that implemented several exceptions to keep NMFS functions in operation.

*See* Dkt. No. 315-1 at ECF pp. 63-64.  One of the "[e]xcepted functions" includes "[m]onitoring trust resources under the Magnuson-Stevens Fishery Conservation and Management Act, Marine Mammal Protection Act, Endangered Species Act and other authorities to avoid irreparable harm to U.S. fishery or protected species trust resources and taking necessary regulatory action."  *Id*. at ECF p. 63.  This exception fits the circumstances here to a T.  As the Court concluded in the summary judgment order, NMFS is required to develop a take reduction plan for humpback whales as a necessary action to avoid mortality and serious injury to these protected marine mammals.

The government did not mention this exception in its stay request, and the Court directed the government to explain why it should not apply here.  Dkt. No. 316.  The government's response, Dkt. No. 317, was unilluminating.  The government says that the monitoring exception does not apply because NMFS has elected to use it only to "prevent vessels from exceeding the total allowable catch of certain species where the limit has already been exceeded or soon will be."  *Id*. at 3.  This reads the exception to apply only to U.S. fisheries, and ignores the plain language that covers "protected species trust resources."  Dkt. No. 315-1 at ECF p. 63.  The government also says that the exception is distinguishable from this case because NMFS has not taken any regulatory action with respect to a take reduction plan for the whales, and has already issued a permit allowing incidental take.  Dkt. No. 317 at 3-4.  In effect, the government says the monitoring exception does not apply because the government never developed a take reduction plan in the first place.

This is circular reasoning.  The government's construction of "monitoring" is arbitrary and self-serving, and wholly at odds with the requirements of the MMPA, the Endangered Species Act, and the Court's conclusions in the summary judgment order.  Overall, the government did not demonstrate that the monitoring exception should be disregarded, and did not otherwise establish good grounds for the indefinite stay it requests.

Consequently, a stay is denied. The provisions of the settlement agreement remain in full and active force.

**IT IS SO ORDERED.**

Dated: October 24, 2025

JAMES DONATO
United States District Judge